IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COBY COLE DITTO,           § | |
|     MOVANT,   § | |
| § | |
| V.                         § | CIVIL CASE NO. 3:19-CV-61-L-BK |
| § | (CRIMINAL CASE NO. 3:16-CR-116-L-3) |
| § | |
| UNITED STATES OF AMERICA,  § | |
|     RESPONDENT.  § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Coby Cole Ditto's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate.  As detailed herein, the motion should be **GRANTED.**

On November 17, 2016, Ditto pled guilty to Count One of the Indictment, charging him with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), and Count Two, charging him with Using, Carrying, and Brandishing a Firearm During and In Relation To a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Crim. Doc. 105. On March 2017, Ditto was sentenced to consecutive 84-month terms on each count, for an aggregate term of 168 months.  Crim. Doc. 141 at 1-2.  Ditto did not file a direct appeal.

Ditto filed the instant 2255 motion on January 8, 2019.  Crim. Doc. 164; Doc. 2.  In his sole ground, he challenges his conviction of the 924(c) alleged in Count Two, arguing that the underlying offense, Conspiracy to Interfere with Commerce by Robbery, is not a crime of violence.  Doc. 2 at 4; Doc. 3 at 5-8.  Because the issue was then-pending before the Supreme

Court, this case was stayed.  Doc. 4.  Subsequently, in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause definition of "crime of violence" under 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

The Government acknowledges that Ditto's Section 924(c) conviction should be vacated, but also argues that his "entire sentence" should be set aside so "that this Court will have an opportunity to adjust its sentencing package in light of the changed circumstances." Doc. 10 at 7.  S*ee United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) ("In some cases, when we reverse convictions or sentences on fewer than all counts, the aggregate sentence must be unbundled, and the defendant must be resentenced on all counts." (quoting *United States v. Clark*, 816 F.3d 350, 360 (5th Cir. 2016))); *United States v. Saul*, No. 4:18-CV-922-O, Civ. Doc. 21 (N.D. Tex. Sep. 24, 2019) (O'Connor, J.) (vacating Section 924(c) conviction and sentence and ordering full resentencing on the remaining count of conspiracy to commit Hobbs Act robbery).  The Government also avers that it will likely indict Ditto for "a Section 924(c) offense predicated on one of the substantive robberies to which Ditto has already stipulated he committed" and, thus, that "Ditto will most likely still face a Section 924(c) charge." Doc. 10 at 8.

Notwithstanding the Government's position on the latter, after consulting with counsel, "Ditto still desires to have the unconstitutional § 924(c) conviction and sentence vacated and a new sentence imposed based on his stand-alone charge of conspiracy to commit Hobbs Act robbery, under 18 U.S.C. § 1951(a)." Doc. 25 at 1.

Accordingly, Ditto's Section 2255 motion should be **GRANTED**, Ditto's Section 924(c) conviction and sentence under Count Two should be **VACATED**, and he should be resentenced

on the remaining count of conviction, to-wit: Conspiracy to Interfere with Commerce by Robbery (Count One).

**SO RECOMMENDED** on March 2, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).